UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LISA LEE ALICE BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>ST. CLAIR COUNTY, et al.,<br><br>    Defendants. | Case No. 23-12679<br><br>Honorable Robert J. White |

**ORDER (1) DENYING THE MOTION TO STAY AND (2) GRANTING THE MOTIONS FOR *IN CAMERA* REVIEW AND A PROTECTIVE ORDER**

Before the Court are three motions filed by Defendants CHS TX, Inc. ("CHS"), Karen Hutchinson, Allison Lafriniere, Andrea Sangster, and Derek Steele ("Nursing Defendants"): their (1) motion to accept an affidavit for *in camera* review (ECF No. 42), (2) motion for a protective order concerning the deposition of Lafriniere (ECF No. 43), and (3) motion to stay due to ongoing proceedings in bankruptcy court (ECF No. 44). Plaintiff responded in opposition to the motion to stay, and the latter two motions are unopposed; the Court will decide the motions without oral argument pursuant to Local Rule 7.1(f)(2). For the following reasons, the Court denies the motion to stay and grants the remaining unopposed motions.

## I.      Background

This case arises from Plaintiff's medical treatment while an inmate at the St. County Jail, which contracted with CHS to provide these services. (ECF No. 3). With discovery progressing, Nursing Defendants filed their motions for *in camera* review and a protective order on May 6, 2025, asserting that such relief was warranted because of a medical issue affecting Defendant Lafriniere's ability to testify. (See ECF Nos. 42-43). About a month later, Nursing Defendants moved to stay because of a motion filed in a separate bankruptcy proceeding to enjoin CHS's former employees, the individual nursing defendants here, as "Released Parties" under a bankruptcy plan "that will fully release the Plaintiff's Causes of Action against the [Nursing] Defendants . . . ." (ECF No. 44, PageID.518-21).

## II.     Unopposed Motions

Plaintiff never responded to Nursing Defendants' motion for *in camera* review, but she recently responded to the motion for a protective order and stated that she "do[es] not oppose Defendants['] request to stay the deposition of Allison Lafriniere, RN[,] until her health condition improves." (ECF No. 51, PageID.735). Because (1) both motions are uncontested and (2) Plaintiff implicitly concedes that Lafriniere has health concerns affecting her ability to

participate in this case, Nursing Defendants' motions for *in camera* review and a protective order are granted.

### III.   Motion to Stay

At a recent status conference, the parties confirmed that the bankruptcy court has reached a decision denying the motion to enjoin, and that case is now proceeding on appeal.  With this in mind, Nursing Defendants present no authority, nor is the Court aware of any, justifying a stay under these circumstances.  There does not appear to be any automatic stay applicable here under 11 U.S.C. § 362(a), nor is the Court aware of any "unusual circumstances" justifying a stay with respect to any non-debtor defendants in this case. *See In re Dow Corning Corp.*, 86 F.3d 482, 493 (6th Cir. 1996).  Accordingly, the motion to stay is denied.

* * *

For the reasons given, the Court ORDERS that the motion to stay (ECF No. 44) is DENIED.

IT IS FURTHER ORDERED that the motion for *in camera* review (ECF No. 42) is GRANTED.

IT IS FURTHER ORDERED that the motion for a protective order (ECF No. 43) is GRANTED.

Dated: December 2, 2025                     s/Robert J. White
                                            Robert J. White
                                            United States District Judge